UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA SANTIAGO, *on behalf of minors* J.C. and R.S.B., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO.: 1:24-cv-01391-HBK <br><br><br> ORDER GRANTING PETITION TO APPOINT GUARDIAN AD LITEM <br><br> (Doc. No. 2) |

On November 13, 2024, Leticia Santiago initiated this action on behalf of minor Plaintiffs J.C. and R.S.B., seeking judicial review of a final decision of the Commissioner of Social Security denying their deceased mother's application for disability insurance benefits under the Social Security Act.  (Doc. No. 1).  On the same day, Leticia Santiago, through counsel, filed a Petition for Appointment of Guardian Ad Litem.  (Doc. No. 2, "Petition"). Petitioner seeks appointment of Leticia Santiago as guardian ad litem for J.C. and R.S.B.  For the reasons set forth below, the Court grants the Petition.

Federal Rule of Civil Procedure 17 provides for a representative of a minor or an incompetent person to sue or defend on a minor or an incompetent's behalf.  Fed. R. Civ. P.

17(c). Similarly, this Court's Local Rule 202(a) in pertinent part, states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor ... the attorney representing the minor or incompetent person shall present ... a motion for the appointment of a guardian ad litem by the Court, or ... a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

Appointment of a guardian ad litem is not a mere formality because the guardian "is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A "guardian ad litem need not possess any special qualifications," but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 1053-54 (E.D. Cal. 2015) (citations omitted). The Court has considered the application of Leticia Santiago for appointment as guardian ad litem for J.C. an R.S.B., who are minors. Leticia Santiago is not a party to the instant action. (*See generally* Doc. No. 1). She is the grandmother of J.C. and R.S.B.; and they are in her custody and live with her. (Doc No. 2 at 4 ¶ 2). The Court does not find any apparent conflict of interest or any other factors that demonstrate such appointment is not in the best interests of the minor Plaintiffs.

Accordingly, it is **ORDERED**:

1. The Petition for Appointment of Guardian Ad Litem (Doc. No. 2) is **GRANTED.**
2. Leticia Santiago is appointed as guardian ad litem for J.C. and R.S.B., and is authorized to prosecute this action on their behalf.

Dated:   November 25, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE